**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1387-20

ERIC CORDERO,

      Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

      Respondent.

_____

          Submitted April 25, 2022 – Decided August 8, 2022

          Before Judges Messano and Enright.

          On appeal from the New Jersey State Parole Board.

          Eric Cordero, appellant pro se.

          Matthew J. Platkin, Acting Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Eric Cordero appeals from a December 16, 2020 final agency decision by the New Jersey State Parole Board (Board) denying his request for parole and imposing a forty-eight-month future eligibility term (FET).  We affirm.

In 1997, Cordero, then fifteen years old, was arrested on multiple charges due to his involvement in a brutal murder in December 1996.  After being waived to adult court, Cordero pled guilty to an amended charge of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), and first-degree robbery, N.J.S.A. 2C:15-1.

Cordero admitted that during the killing, he punched the victim in the face twice, grabbed her head and banged it against a wall.  Further, he acknowledged he was present when a co-defendant stabbed the victim's head with an ice pick. Cordero also stated he and his co-defendants threw rocks at the victim's face and covered up her body.  The victim's partially decomposed body was found approximately two months after the murder.

Cordero was sentenced in 1998 to an aggregate custodial term of forty-six years, with a mandatory minimum term of twenty-three years.  While incarcerated, he committed various institutional disciplinary infractions, many

A-1387-20

of which were "asterisk" infractions.[1]  His most recent infraction occurred in 2019.

A two-member Board panel denied Cordero's request for parole in January 2020, citing various factors, including his lack of insight into his criminal behavior, his lack of satisfactory progress in reducing the likelihood of future criminal behavior, and the fact he "still struggle[d] w[ith] his behavior [and] criminal thinking, as evidenced by his numerous infractions."  The panel also considered mitigating factors, such as Cordero's participation in programs "specific to behavior" and that he obtained his GED and associate's degree while in prison.  The panel referred the matter to a three-member panel to establish an FET outside of the administrative guidelines.

Five months later, a three-member Board panel reviewed the case.  It considered factors similar to those assessed by the two-member Board panel and imposed an FET of forty-eight months.

In its final agency decision in December 2020, the Board affirmed the decisions of the two- and three-member panels, finding "a preponderance of evidence indicates that there is a substantial likelihood that [Cordero] would

---

[1] "Prohibited acts preceded by an asterisk (*) are considered the most serious and result in the most severe sanctions."  N.J.A.C. 10A:4-4.1(a).

commit a crime if released on parole." The Board concurred with the three-member Board panel's reasoning in establishing a forty-eight-month FET, finding "after twenty-three . . . years of incarceration, [Cordero] present[ed] as not understanding the full extent of [his] actions, nor . . . understanding what caused [his] actions resulting in the robbery and death of [his] friend's step-mother." The Board also found Cordero "present[ed] as not having made adequate progress in the rehabilitative process" and had "an institutional record that reflects violence and noncompliance."

On appeal, Cordero contends the Parole Board: "disregarded and undervalued substantial evidence, then relied on the same erroneous justifications to deny parole"; arbitrarily failed "to assess [his] suitability for parole to a residential community program"; and failed "to properly consider [his] age at the time of the crime." Cordero also argues he was "denied due process in violation of the New Jersey and United States constitutions." These arguments are without merit. R. 2:11-3(e)(1)(E).

The scope of our review of an administrative agency's decision is limited. See Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018) (citing Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009)). "Our review of the Parole Board's determination[s] is deferential

in light of its expertise in the specialized area of parole supervision . . . ." J.I. v. N.J. State Parole Bd., 228 N.J. 204, 230 (2017) (citing McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)). We recognize that "[t]o a greater degree than is the case with other administrative agencies, the Parole Board's decision-making function involves individualized discretionary appraisals." Trantino v. N.J. State Parole Bd., 166 N.J. 113, 200 (2001) (Trantino V) (citing Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 358-59 (1973)). Such appraisals are presumed valid. McGowan, 347 N.J. Super. at 563. Accordingly, "[w]e will reverse a decision of the Board only if the offender shows that the decision was arbitrary or unreasonable, lacked credible support in the record, or violated legislative policies." K.G. v. N.J. State Parole Bd., 458 N.J. Super. 1, 30 (App. Div. 2019).

Having considered the record in light of the applicable legal principles, including the materials contained in the confidential appendix, we affirm the denial of parole substantially for the reasons expressed in the Board's well-reasoned decision. We add the following.

Cordero is serving a sentence for offenses committed before August 18, 1997. Thus, "the issue before us is governed by the standards in N.J.S.A. 30:4-123.53(a) and 30:4-123.56(c) prior to the amendment of those statutes on that

date." Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 7 (App. Div. 2000) (citing N.J.A.C. 10A:71-3.10).

For offenses committed before August 18, 1997, "the Parole Board may deny parole release if it appears from a preponderance of the evidence that 'there is a substantial likelihood that the inmate will commit a crime under the laws of this State if released on parole at such time.'" Ibid. (quoting N.J.S.A. 30:4-123.53(a), L. 1979, c. 441, § 9). Under this standard, the Board must consider a non-exhaustive list of twenty-four factors outlined under N.J.A.C. 10A:71-3.11(b)[2] to determine whether an inmate should be released on parole and in analyzing these factors, "the Board [must] focus its attention squarely on the likelihood of recidivism." McGowan, 347 N.J. Super. at 565.

The record reflects the Board fulfilled its obligation in this regard when it established a forty-eight-month FET. In fact, it based its decision on a multitude of aggravating factors, most notably the substantial likelihood Cordero would commit a new crime if released on parole, given his lack of satisfactory progress while incarcerated in reducing the likelihood of future criminal behavior. But

---

[2] Effective February 16, 2021, N.J.A.C. 10A:71-3.11 was amended to include a twenty-fourth factor, i.e., "[s]ubsequent growth and increased maturity of the inmate during incarceration." Cordero does not argue this factor should be applied retroactively.

the Board also recognized some mitigating factors, including Cordero's participation in programs specific to behavior. Thus, it acted well within its authority in denying Cordero parole, based on a finding by a preponderance of the evidence he would likely commit a new crime if paroled.

Regarding the Board's imposition of a forty-eight-month FET, we recognize an inmate serving a sentence for aggravated manslaughter is ordinarily assigned a twenty-seven-month FET after a denial of parole. N.J.A.C. 10A:71-3.21(a)(1). However, a three-member panel may impose an FET exceeding administrative guidelines in cases where an ordinary FET is "clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior." N.J.A.C. 10A:71-3.21(d). Here, given the Board's finding Cordero failed to make satisfactory progress in reducing his likelihood of future criminal behavior, we perceive no basis to disturb its imposition of a forty-eight-month FET.

Finally, because Cordero has been incarcerated for over twenty years for crimes committed when he was a juvenile, he is entitled to seek a hearing to "assess factors [that the sentencing court] could not evaluate fully decades before – namely, whether the juvenile offender still fails to appreciate risks and

7

consequences, and whether he has matured or been rehabilitated." State v. Comer, 249 N.J. 359, 370 (2022). At such a hearing,

> [t]he court may also consider the juvenile offender's behavior in prison since the time of the offense[s], among other relevant evidence.
>
> After evaluating all the evidence, the trial court would have discretion to affirm or reduce the original base sentence within the statutory range, and to reduce the parole bar to no less than [twenty] years.
>
> [Ibid.]

We express no opinion on the results of such a hearing should Cordero avail himself of the opportunity to have his sentence reviewed.

To the extent we have not addressed Cordero's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION